# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

CIVIL ACTION NO. 4:11CV-44-JHM

DENISE GILMORE and ALLAN GILMORE                    PLAINTIFFS

VS.

LOWE'S HOME CENTERS, INC.                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before this Court on Defendant Lowe's Home Center's ("Defendant" or "Lowe's") <u>Daubert</u> Motion Seeking Exclusion of Expert Testimony [DN 30] and Motion for Partial Summary Judgment [DN31]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

On July 4, 2010, Plaintiff Denise Gilmore alleges that she slipped and fell on a watering wand at Lowe's Home Center in Madisonville, Kentucky. Immediately following the incident, Plaintiff went to the emergency room where the treating physician determined that she had a sprained her ankle. While at the emergency room, Plaintiff received an x-ray of her foot, but the x-ray did not reveal any damage or tear to the ligament in the right foot.

On July 14, 2010, Plaintiff saw Dr. James Donley who treated her for a sprained calcanefibular ligament and posterior tibular tendinitis. Dr. Donley also ordered an MRI of Plaintiff's foot, which came back normal. At that time, Dr. Donley put her in a cast, and after her condition did not improve, Dr. Donley recommended a joint fusion surgery. Plaintiff did not see Dr. Donley again for her foot until December 26, 2012 when she visited his office for the purposes of obtaining an opinion for this litigation. During the December visit, Plaintiff, for the

first time, informed Dr. Donley of the slip and fall at Lowe's and told him that she did not have pain in her foot until after that fall.

In between visits to Dr. Donley, Plaintiff also sought treatment from Dr. Alley. Dr. Alley ordered an MRI of Plaintiff's foot following the initial consultation October 14, 2011 which revealed a chronic tear of the spring ligament. As a result, Dr. Alley performed a joint fusion surgery on Plaintiff. In Dr. Alley's post-operative evaluation on February 7, 2012, Plaintiff complained of pain in her foot and Dr. Alley documented swelling of her foot. Dr. Alley concluded, based on his consultation with Plaintiff and observations of the right foot during the surgery, that the fall "exacerbated or aggravated" Plaintiff's pre-existing condition. (Mot. to Exclude Expert Testimony, DN 30-6, at 44).

Plaintiffs filed suit alleging negligence on the part of the Defendant. Defendants have moved to exclude the testimony Drs. Donley and Alley linking Plaintiff's fall at Lowe's with her torn ligament. Defendant also moves for partial summary judgment because there is no proof of causation.

## II. STANDARD OF REVIEW

## A. EXPERT TESTIMONY

Defendant seeks to exclude the testimony of Drs. Donley and Alley alleging in part that their testimony does not meet the standards of Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert evidence is both reliable and relevant. Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)). In determining whether testimony is reliable, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. The Supreme Court identified a non-exhaustive list of factors that may help the Court in assessing the reliability of a proposed expert's opinion. These factors include: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." Id. at 592-94. This gatekeeping role is not limited to expert testimony based on scientific knowledge, but instead extends to "all 'scientific,' 'technical,' or 'other specialized' matters" within the scope of Rule 702. Kumho Tire Co., 526 U.S. at 147.

Whether the Court applies these factors to assess the reliability of an expert's testimony "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire Co., 526 U.S. at 150 (quotation omitted). Any weakness in the underlying factual basis bears on the weight, as opposed to admissibility, of the evidence. In re Scrap Metal Antitrust Litig., 527 F.3d 517, 530 (6th Cir. 2008) (citation omitted).

**B. SUMMARY JUDGMENT**

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

### III. DISCUSSION

### A. DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY [DN 30]

Defendant contends that the expert testimony of Drs. Donley and Alley should be excluded under Daubert as to their conclusions of causation for Plaintiff's torn ligament in her right foot. Defendant argues that the doctors' testimony should be excluded because they base their opinions on speculation, over rely on temporal proximity, opine exclusively on subjective material, and reach their opinion based on backwards reasoning. On the other hand, Plaintiff contends that the doctors' conclusions as to causation are sufficiently supported.

**1. Expert Opinion of Dr. Alley**

Defendant argues that Dr. Alley's testimony should be excluded primarily due to the speculative nature of his conclusion. Plaintiff counters by identifying specific sections in Dr. Alley's deposition where he linked the fall at Lowe's to Plaintiff's current symptoms.

Defendant demonstrates the speculative nature of Dr. Alley's conclusion by relying on the following section:

> Q. Okay. Do you believe the role of the fall in Lowe's might be speculative, that is you have to speculate as to whether the fall at Lowe's has played any part in that process?
>
> A. Yes, because the -- again, I didn't recall, even prior to reviewing all of this, that there was an injury. 'Cause even with my early notes, there was mention, you know, just all -- and it said nothing -- yeah. In my very first note all the -- let's see. It said, During a fall she stepped on a water hose, fell and rolled her -- and felt an onset of pain in her ankle and swelling.
> Didn't say where or anything, you know, of that nature. So, yeah, I think that, you know, it's speculative. But going through the, I guess the natural history of posterior tibial tendon dysfunction and all the other what I'd call comorbid conditions, you know, with the diabetes and the heavier weight and things that -- all those things exacerbate these problems. But there was an acute injury, and she had been relatively -- or doing relatively well prior to that. Again it's speculative, but I would say that it's reasonable that that fall exacerbated her pain . . .

(Mot. to Exclude Expert Testimony, DN 30-6, at 44-45). The mere use of the word "speculation" by Dr. Alley, especially after Defendant's Counsel used it twice in the question, does not actually undermine the conclusion as to causation made by the doctor. The more relevant sections as to Dr. Alley's conclusion are as follows:

> Q. Will you be able to say that the fall -- will you be able to say within a reasonable degree of medical probability that the fall at Lowe's was a substantial factor in causing Ms. Gilmore's injuries that led you to perform the surgery versus another cause?
>
> A. I would say within a certain degree of medical certainty that the fall certainly exacerbated or aggravated a potentially, you know, ongoing -- or a tendonitis, you know, creating more severe symptoms that just were not -- what's the word I'm looking for -- were not responsive to more conservative treatments. So will I --

would I say for sure that the accident caused, you know, that specific injury? No, I wouldn't. You would have to have a rather severe pull. . . .

(Id.).

Q. Was her injury from which you treat -- for which you treated her consistent with the medical history that you've seen? And that was -- would a slip-and-fall type of accident, is it consistent with that?

A. It's the -- it's a progressive dysfunction of the tendon with progressive degenerative changes. And certainly if there was an acute exacerbation of it, then that can be consistent with her not responding to more conservative treatments. And so the short answer is yes, I mean. . . .

(Id. at 50). Dr. Alley specifically articulates a link between Plaintiff's fall and her injury within a reasonable degree of medical certainty. Additionally, Dr. Alley not only based his conclusion on patient history but also on what he observed during the joint fusion surgery. For these reasons, Defendant's motion to exclude testimony on causation by Dr. Alley is **DENIED**.

**2. Expert Opinion of Dr. Donley**

Defendant also argues Dr. Donley's testimony on causation should be excluded mainly due to the speculative nature of his conclusions as well as the fact that he relied entirely on what the Plaintiff told him rather than any objective data in making his findings on causation. However, Plaintiff contends that Dr. Donley clearly links Plaintiff's fall at Lowe's with her current torn ligament.

Dr. Donley was initially a treating physician. Later, in December, 2012, the Plaintiff asked him to provide an opinion on causation. After his office visit with Plaintiff, he wrote in the medical record that the fall at Lowes may have added to Plaintiff's problems and been the straw that broke the camel's back. He was asked about his opinion at a deposition in January, 2013.

Dr. Donley testified on direct examination consistent with his written opinion. He testified that Plaintiff had a pre-existing condition which came into disabling reality after the fall.

On cross examination, Dr. Donley admitted that his opinion was based on what the Plaintiff had told him—that she did not have pain in her foot until after her fall at Lowes.

In reviewing Dr. Donley's deposition, the Court notes that Dr. Donley was never asked to state his opinion within a reasonable degree of medical probability. Defense counsel started to ask him if he held his opinion within a reasonable degree of medical probability, but he backed away from that line of questioning when the doctor indicated that he gets confused by the question.

It is not clear whether Dr. Donley holds his opinions within a reasonable degree of medical probability. The Court will exclude Dr. Donley's testimony at trial if he is not prepared to state his opinions within a reasonable degree of medical probability. However, the Court will not exclude the testimony simply because part of his opinion is based upon what the Plaintiff told him of her history. That will go to the weight of his testimony, not to the admissibility of it.

If Dr. Donley is called to testify at trial, the Court will allow a limited examination of him outside the presence of the jury, to ensure that his opinions are held within a reasonable degree of medical probability. For these reasons, the Defendant's motion to exclude Dr. Donley's expert testimony as to causation is **DENIED** at this time.

## B.  DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DN 31]

Defendant moves for partial summary judgment on the issue of causation by arguing that Kentucky law requires expert testimony to establish the element of causation in this negligence action. Defendant's motion is premised on the expected exclusion of both Drs. Alley's and Donley's testimony as to causation. Because this Court has not excluded the testimony of Dr. Alley, and may eventually allow Dr. Donley's testimony as to this issue, Defendant fails to

demonstrate the absence of a genuine issue of material fact as to the proximate cause of Plaintiff's injury. As a result, the Defendant's motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Lowe's Home Center's <u>Daubert</u> Motion Seeking Exclusion of Expert Testimony is **DENIED** [DN 30]. Defendant's Motion for Partial Summary Judgment is **DENIED** [DN31].

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 29, 2013

8